# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 1, 2010

Lyle W. Cayce
Clerk

No. 10-50036
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN ALVARADO-ZAPATA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-959-2

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Martin Alvarado-Zapata appeals his 188-month concurrent sentences for conspiracy with intent to distribute more than 100 kilograms of marijuana, conspiracy to import more than 100 kilograms of marijuana, possession with intent to distribute more than 100 kilograms of marijuana, and importation of more than 100 kilograms of marijuana. His two prior felony drug convictions qualified him as a career offender under the Sentencing Guidelines.[1] He asserts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* U.S.S.G. § 4B1.1(a).

that the sentences were unreasonable because the career offender guideline overstated the danger he presents to the community, the severity of his conduct as a mule who was paid a few hundred dollars to "carry a heavy bundle," and the need for deterrence. He contends that the career offender guideline unfairly treated him the same way it treats serial violent offenders and the leaders of drug organizations. Additionally, he contends that the guideline failed to account for his family's economic circumstances or his personal characteristics as a man who lived in poverty who sought to be a good father. He asserts that a 10-year sentence would have been sufficient to deter him from future criminal conduct. Finally, he contends that the sentence was unreasonable because it was based in part upon unsubstantiated speculation by the district court that he had committed additional drug trafficking crimes.

We review sentences for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a).[2] We first examine whether the district court committed any significant procedural error, "such as . . . selecting a sentence based on clearly erroneous facts."[3] Because Alvarado-Zapata did not raise his argument in the district court that his sentences were based upon unsubstantiated speculation about his criminal history, the potential procedural error is subject to plain error review.[4] He must show a forfeited error that is clear or obvious and that affects his substantial rights.[5] If he makes such a showing, we have the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.[6]

---

[2] *Gall v. United States*, 552 U.S. 38, 46, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

[3] *Gall*, 552 U.S. at 51.

[4] *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

[5] *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

[6] *See id.*

Although the district court asserted a belief that Alvarado-Zapata "ma[de] his living" smuggling drugs and suggested that he had engaged in smuggling activities for which he had not been caught, the record does not support a finding that the court selected his sentences based upon that belief.  The district court emphasized that this was Alvarado-Zapata's third drug trafficking conviction, that he was caught with a greater amount of drugs each time, and that his earlier federal sentences had not been adequate to deter his criminal behavior. We find no plain error.[7]

We then review the substantive reasonableness of the sentences under a deferential abuse of discretion standard, taking into account the totality of the circumstances.[8]  Because Alvarado-Zapata did not object to his sentences as unreasonable in the district court, we review the issue for plain error, which "requires considerable deference to the district court and erects a more substantial hurdle to reversal of a sentence than does the reasonableness standard."[9]  We also apply a presumption of reasonableness to sentences that fall within the Guidelines range.[10]

The record shows that the district court properly considered the relevant sentencing factors under § 3553(a) and sentenced Alvarado-Zapata at the bottom of the guidelines range after considering his arguments for a downward variance.  As noted above, the court emphasized Alvarado-Zapata's prior trafficking convictions, the increasing quantities of drugs he was caught with in each successive conviction, and the failure of his earlier federal sentences to deter his criminal activities.  He fails to show that the district court committed

---

[7] *See Puckett*, 129 S. Ct. at 1429.

[8] *Gall,* 552 U.S. at 51; *Cisneros-Gutierrez*, 517 F.3d at 764.

[9] *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

[10] *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

No. 10-50036

any error, plain or otherwise, in imposing the guidelines minimum, and he fails to overcome the presumption of reasonableness.[11]

The judgment of the district court is AFFIRMED.

---

[11] *See Puckett*, 129 S. Ct. at 1429; *Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 391-92; *Alonzo*, 435 F.3d at 554.